**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

DANIEL W. MCMAHON,

       Plaintiff,

v.                                 Case No. 2:06-CV-00179-34DNF

SHERIFF DON HUNTER, DEPUTY PAYNE,
DEPUTY JOSE LOPEZ, AND
WILLIAM VERICKER,

       Defendant.

_____/

**O R D E R**[1]

      Before the Court are two Motions to Dismiss filed by certain Defendants in this case

(collectively, the "Motions to Dismiss").[2]  Defendants Collier County Sheriff's Office, Sheriff

Don Hunter, Deputy Jose Lopez, and Deputy M.J. Payne (the "Sheriff's Office Defendants")

together filed a Motion to Dismiss and Memorandum of Law on May 30, 2006 (Dkt. No. 17;

Sheriff's Office Motion to Dismiss).  The Plaintiff responded in opposition to the Sheriff's

Office Motion to Dismiss on June 28, 2006 (Dkt. No. 31).  Defendants William Vericker and

---

[1]    This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically.  However, it has been entered only to decide the motions addressed herein and is not intended for official publication or to serve as precedent.

[2]    The Plaintiff and Defendants Cleveland Clinic Foundation Police Department, Cleveland Clinic Foundation, Cleveland Clinic, Martin Epstein, Carl Malone a/k/a Lt. Maloney, Ralph Russo a/k/a Officer Russo, and Annette Gadus filed a Joint Stipulation for Dismissal with Prejudice on October 18, 2006 (Dkt. No. 72; Joint Stipulation).  That same day, this Court entered an Order dismissing those defendants who were a party to the Joint Stipulation from this action with prejudice (Dkt. No. 73).  Thus, the remaining defendants in this action are the Collier County Sheriff's Office, Sheriff Don Hunter, Jose Lopez a/k/a Deputy Jose Lopez, M.J. Payne a/k/a Deputy Payne, the Office of the State Attorney, Twentieth Judicial Circuit, and William Vericker.  All of the remaining defendants have filed Motions to Dismiss.

the Office of the State Attorney, Twentieth Judicial Circuit (the "State Attorney Defendants"), together filed a Motion to Dismiss on June 26, 2006 (Dkt. No. 29; State Attorney Motion to Dismiss).  Plaintiff submitted a response to the State Attorney Motion to Dismiss (Dkt. No. 47, filed July 26, 2006; Response to the State Attorney Motion to Dismiss).  In Plaintiff's Response to the State Attorney Motion to Dismiss, Plaintiff concedes that the Office of the State Attorney, Twentieth Judicial Circuit, should be dismissed from this action, <u>see</u> Response to the State Attorney Motion to Dismiss at 3, but opposes the State Attorney Motion to Dismiss as it pertains to the individual defendant, Assistant State Attorney, William Vericker.  <u>See generally</u> <u>id.</u>  Accordingly, the Court will dismiss the Office of the State Attorney, Twentieth Judicial Circuit, without further discussion.  The remaining aspects of both Motions to Dismiss are ripe for review by this Court.

**I.     Background**

On April 3, 2006, <u>pro se</u> Plaintiff, Daniel McMahon, initiated this civil rights action against thirteen (13) different defendants.  <u>See</u> Dkt. No. 1; Complaint.  In his Complaint, Plaintiff asserts that the Court has jurisdiction over this action because it arises under the "First, Fourth, Fifth, [and] Fourteenth Amendments to the Constitution, U.S.C. 42 sections 1981, 1983, 1985, and 1986 and U.S.C. 28, section 1391, and 1332[3]."  <u>See</u> Complaint at

---

[3]     Plaintiff incorrectly sites 28 U.S.C. § 1332 as a basis for this Court's jurisdiction.  Section 1332 addresses federal diversity jurisdiction, which exists where the suit is between citizens of different states, and the amount in controversy exceeds $75,000.00.  <u>See</u> 28 U.S.C. § 1332.  In this case, as both Plaintiff and at least one Defendant are citizens of the State of Florida, section 1332 is inapplicable.  However, the Court has original jurisdiction under 28 U.S.C. § 1331 because the Complaint appears to allege claims arising under federal law.  <u>See</u> 28 U.S.C. § 1331.

¶ 3.  Although Plaintiff also may be attempting to allege certain state law causes of action,[4] the focus of Plaintiff's Complaint appears to be his claims under 42 U.S.C. § 1983.[5]

Before discussing the basic allegations of Plaintiff's Complaint, it is necessary to note that the Complaint is pled largely as a stream of consciousness.  It is twenty-six pages long, with ninety-two paragraphs, and contains approximately ten unnumbered "headings", several of which contain sub-parts.[6]  In this Complaint, Plaintiff appears to attempt to allege, inter alia, violations of four different constitutional amendments pursuant to a number of different federal statutes.   His allegations are rambling, disorganized, predominately incoherent and peppered with irrelevancies.  Plaintiff makes little attempt to separate factual allegations from legal theories (or to specify which facts are supportive of what claims), and makes no attempt to define causes of action in numbered counts against specific

---

[4]      The Court notes that the phrases "Intentional Infliction of Emotional Distress," "Malicious Prosecution," and "Malicious Abuse of Process" appear either as unnumbered headings or as substantive allegations in the body of the Complaint.  See Complaint at 15, 18-19.  However, for the reasons set forth in this Order, it is unclear to the Court whether Plaintiff intends these phrases to suggest that he is alleging these as independent state law claims (and against whom), or whether these phrases merely delineate between factual sections that are intended to support Plaintiff's claims of constitutional violations under federal law.

[5]      42 U.S.C. § 1983 provides in relevant part.

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... [].

> See 42 U.S.C. § 1983.

[6]      Plaintiff also attaches an additional twenty-three (23) pages of Exhibits to the Complaint, which include Collier County Sheriff's Office offense reports related to both arrests, as well as sworn witness statements regarding the incidents.  See Complaint, at Exhibits A-D.

defendants.[7]  Plaintiff's Complaint is tantamount to what has been referred to as a "shotgun pleading," the kind that has been condemned repeatedly by the courts in this Circuit.  See, e.g. Cramer v. Florida, 117 F.3d 1258 (11th Cir. 1997).  Although the Court will discuss the pervasive flaws in Plaintiff's Complaint in more detail, infra, it pauses here only to illustrate the disorder from which it has endeavored to extract the brief factual summary set forth below.  The summary should not be interpreted as an attempt by this Court to cumulatively define all of Plaintiff's myriad allegations and claims, which this Court declines to do.  Rather, the Court only attempts to describe, in skeletal fashion, the factual and legal framework upon which this action appears to rest.

According to the Complaint, Plaintiff was arrested in October 2003 for animal cruelty during a scheduled visit to a medical facility known as the Cleveland Clinic in Naples, Florida.  See Complaint at ¶ 3, 6.  Apparently, Plaintiff left his three dogs in his car while he went inside the clinic for his medical appointment.  See id. at ¶  3.  According to both the Complaint, and the exhibits attached to it, which include the arrest reports, Plaintiff's arrest for animal cruelty was largely compelled by the fact that the temperature of one of the dogs reached 114 degrees, and the dogs appeared to be suffering from heat exhaustion.  See id. at ¶ 4.  Plaintiff now contends that the arrest was without probable cause, and was a violation of various constitutional rights.  See id. at ¶ ¶ 53, 58.

---

[7]      Indeed, it is virtually impossible to tell from the allegations in the body of the Complaint whether Plaintiff intends to bring causes of action against certain Defendants in their individual or official capacities.  See generally Kentucky v. Graham, 473 U.S. 159, 166 (1985).

Plaintiff was arrested a second time on March 31, 2004, pursuant to a capias issued by the Office of the State Attorney, Twentieth Judicial Circuit.  See id. at ¶ 38.  According to the Complaint, and the documents attached to it, on this occasion Plaintiff was arrested for making repeated phone calls to the Cleveland Clinic with the intent to harass.  See id. Although Plaintiff admits that he made repeated phone calls to the Cleveland Clinic between October 2003 and early 2004, Plaintiff contends that these phone calls were appropriately placed because they pertained to his medical condition and billing issues. See id. at ¶ ¶ 11-31.  Plaintiff further contends that this second arrest, along with several warnings he received regarding the telephone calls, violated his constitutional rights, including his right to free speech under the First Amendment, due process under the Fifth Amendment, and equal protection under the Fourteenth Amendment.[8]  See generally id. at ¶ ¶ 32, 33, 52, 53, 57.  Finally, Plaintiff attempts to allege that the decision to issue a capias was the result of some sort of unconstitutional conspiracy between the Sheriff's Office, the State Attorney, and the Cleveland Clinic.  See generally id. at ¶  ¶ 38, 39, 44, 54, 55, 56.

The named Defendants in this action have endeavored to sort through Plaintiff's allegations to the extent possible to frame their Motions to Dismiss.  The Sheriff's Office Defendants argue that the Complaint should be dismissed, in whole or in part, because (1) the Collier County Sheriff's Office is not sui juris, (2) the Complaint fails to state a claim upon which relief can be granted, (3) the Complaint does not contain sufficient factual

---

[8]     Notably, Plaintiff does not specifically allege that either arrest violated the Fourth Amendment.

allegations to overcome the defense of qualified immunity, and (4) probable cause existed for both of Plaintiff's arrests.  <u>See</u> Sheriff's Office Motion to Dismiss at 1-3.  Assistant State Attorney, William Vericker, argues that the Complaint should be dismissed because (1) Vericker is entitled to prosecutorial immunity, (2) Vericker is entitled to qualified immunity, (3) the Complaint fails to state a cause of action upon which relief can be granted, (4) Plaintiff has failed to allege satisfaction of conditions precedent, and (5) Vericker is entitled to sovereign immunity.  <u>See</u> State Attorney Motion to Dismiss at 1-2.[9]

In ruling on a motion to dismiss, the Court "must accept the allegations set forth in the complaint as true."  <u>Lotierzo v. Woman's World Med. Ctr., Inc.</u>, 278 F.3d 1180, 1182 (11th Cir. 2002); <u>see</u> <u>also</u> <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 508 n.1 (2002).  In addition, all reasonable inferences should be drawn in favor of the plaintiff.  <u>See</u> <u>Omar ex. rel. Cannon v. Lindsey</u>, 334 F.3d 1246, 1247 (11th Cir. 2003) (per curiam).  However, a defendant that is faced with an incomprehensible complaint "is not expected to frame a responsive pleading" but rather "is expected to move the court, pursuant to Rule 12(e)[[10]], to require the plaintiff to file a more definite statement."  <u>Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.</u>, 77 F.3d 364, 366 (11th Cir. 1996).

---

[9]     The State Attorney Defendants also initially argued that the Rooker-Feldman Doctrine mandated dismissal.  <u>See</u> State Attorney Motion to Dismiss at 1.  However, on January 11, 2007, the State Attorney Defendants filed a Notice withdrawing the Rooker-Feldman doctrine defense as inapplicable.  <u>See</u> Notice of Withdrawl Defense of Rooker-Feldman Doctrine (Dkt. No. 81).

[10]     Rule 12(e) of the Federal Rules of Civil Procedure provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."  <u>See</u> Fed.R.Civ.P. 12(e).

The Court has painstakingly reviewed the Complaint, as well as the arguments raised in the Motions to Dismiss, and concludes that rather than address the merits of Defendants' Motions at this time, it must strike the Plaintiff's Complaint as an impermissible shotgun pleading.   Moreover, the Court finds that, although the Complaint may not fit the traditional description of a "shotgun pleading"[11], it is the equivalent of a "shotgun pleading" because, having reviewed the Complaint, "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." See Anderson, 77 F.3d at 366; see also Beckwith v. Bellsouth Telecommunications Inc., 146 Fed. Appx. 368, 371 (11th Cir. 2005) (stating that a "shotgun pleading" is a pleading in which a plaintiff fails "to identify claims with sufficient clarity").

## II.   Analysis

As an initial matter, the Court notes that the Collier County Sheriff's Office is not a proper party to this suit.   In the Eleventh Circuit, "sheriff's departments and police departments are not usually considered legal entities subject to suit." Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992); see also Moore v. Camp, Case No. 2:05-cv-394-FtM-29SPC, 2006 WL 3661631, * 4 (M.D. Fla. December 13, 2006) (quoting Lawal v. Fowler, 196 Fed.Appx. 765, 768 (11th Cir. 2006)).   The capacity to sue and be

---

[11]    The term "shotgun" pleading is most commonly used to describe a Complaint in which each count incorporates by reference all of the preceding paragraphs and counts.   See Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001); Strategic Income Fund v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002).   Plaintiff's Complaint does not fit into the traditional model of a shotgun pleading in that it does not incorporate by reference all the preceding paragraphs and counts.   Rather, as set forth above, Plaintiff's Complaint resembles a stream of consciousness that not only fails to specify what factual allegations support what claim, but also fails to specify the claims themselves.

sued is "determined by the law of the state in which the district court is held." Lawal, 196

Fed. Appx. at 768.   Although Florida law envisions that counties have the power to be

sued,[12] a sheriff's office is not a "person" "acting under the color of state law" for the

purposes of 42 U.S.C. § 1983.  Moore, 2006 WL 3661631 at * 4; see also Eddy v. City of

Miami, 715 F.Supp 1553, 1556 (S.D. Fla. 1989) (noting that "[w]here a police department

is an integral part of the city government as the vehicle through which the city government

fulfills its policing functions, it is not an entity subject to [a § 1983] suit"); Florida City Police

Dep't v. Corcoran, 661 So. 2d 409, 410 (Fla. Dist. Ct. App. 1995) (holding that police

department does not have the capacity to be sued).  "Regardless of the alleged facts . . .

a court may dismiss a complaint on a dispositive issue of law."  Schlegelmilch v. City of

Sarasota Police Dep't, No. 8:06CV139 T27MAP, 2006 WL 2246147, at * 1 (M.D. Fla. Aug.

3, 2006) (citing Marshall County Bd. Of Educ. v. Marshall County Gas Dist., 992 F.2d 1171,

1174 (11th Cir. 1993)).  As it appears the Collier County Sheriff's Office is not properly

named in this action, the Court will dismiss with prejudice the claims as to the Collier

County Sheriff's Office.

     With regard to the remaining Defendants, the Court appreciates the efforts made to

decipher Plaintiff's predominately incomprehensible allegations, and to respond with the

various defenses set forth in the Motions to Dismiss.  However, the Court may not,

consistent with Eleventh Circuit directive on this issue, similarly attempt to interpret the

---

[12]  See Fla. Stat. 125.01(b) (providing that County government shall have the power to provide for the prosecution and defense of legal causes on behalf of the county or state and retain counsel and set their compensation).

allegations set forth in Plaintiff's largely unintelligible Complaint.  As noted above, Plaintiff's Complaint is essentially what has been referred to in this Circuit as a "shotgun" pleading. See Cramer, 117 F.3d at 1263.  Typically, a shotgun complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts contain irrelevant factual allegations and legal conclusions."  Strategic Income Fund, LLC, 305 F.3d at 1295.  While Plaintiff does not explicitly state that he is incorporating by reference all allegations pled in support of his previous claims, neither does he separately allege any claim or the set of facts that support any particular claim.  The result is the same, in that neither Defendants nor the Court can decipher which facts relate to which claims.  Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted.  See id.

While the challenge facing trial courts in deciphering shotgun pleadings is great when the plaintiff at least attempts to define particular causes of action, it is even more taxing where the Court is confronted with a "rambling pleading that is so disorganized and ambiguous that it is almost impossible to discern precisely what it is [the Plaintiff is] claiming."  Cramer, 117 F.3d at 1261.  Such is the case here.  Not only has Plaintiff failed to specify what factual allegations support which claims for relief, he fails to even specify the claims themselves.   Instead, Plaintiff's Complaint contains various unnumbered headings which frequently do not articulate any recognized or specific cause of action, or

against whom those causes of action might be brought.[13]  This type of pleading completely

disregards Rule 8, Federal Rules of Civil Procedure, which requires a "short and plain

statement" of the claim showing that the Plaintiff is entitled to relief, see Fed.R.Civ.P.

8(a)(2), as well as Rule 10(b)'s requirement that discrete claims be plead in separate

counts.[14]  See Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001).

Moreover (even assuming certain headings could be interpreted to set forth causes

of action), under each heading Plaintiff asserts rambling factual allegations and broad legal

conclusions that seemingly lack connection to the "heading" under which they appear.

Indeed, when considering Plaintiff's pleading, the Court is hard pressed to determine at

times whether certain "causes of action" are brought pursuant to federal or state law.  For

example, one of Plaintiff's headings reads "Second Conspiracy By Cleveland Clinic Police

_____

[13]     Plaintiff's Complaint contains the following "headings," which this Court has numbered sua
sponte for purposes of clarity: 1) Now Comes Before this Court, 2) Basis for Jurisdiction, 3)
Complaint, 3a) First Arrest, 3b) Second Arrest and Conspiracies by the Cleveland Clinic, the Collier
County Sheriff's Office, the State Attorney's Office and Other Defendants, 3c) Second Conspiracy
by Cleveland Clinic Police Department and Further Intentional Infliction of Emotional Distress, 4)
Plaintiff's Allegations and Facts, 5) Violations of Civil Rights: Arrests, 6) Violations of Civil Rights;
Conspiracies, 7) Malicious Prosecutions, 7a) First Arrest, 7b) Second Arrest, 8) Malicious Abuse
of Process 9) Legal Basis 10) Conclusion 11) Injunctive Relief Sought.  See generally Complaint.

[14]     Rule 10(b) provides that

        [a]ll averments of claim ... shall be made in numbered paragraphs, the
        contents of each of which shall be limited as far as practable to a statement of
        a single set of circumstances....
        Each claim founded upon a separate transaction or occurrence ... shall be
        stated in a separate count ... whenever a separation facilitate the clear
        presentation of the matters set forth.

Fed.R.Civ.P. 10(b) (emphasis supplied).

Department and Further Intentional Infliction of Emotional Distress." See Complaint at 15.

Under that heading, a single paragraph alleges:

> In December of 2005 McMahon made a request to the CCH Police
> Department under and in accordance with the Ohio Public Records
> Law (the Sunshine Law).  In January of 2006 McMahon followed up
> on his records request but did not receive any information or
> documents in regard to his request.  On February 3, 2006, McMahon
> again tried to follow up on his public records request, he spoke with
> Lt Maloney of the CCH this time McMahon was told that if he
> contacted them again they again would file or have criminal charges
> filed against McMahon.

Complaint at ¶ 44.  Based on this heading and allegation, the Court cannot determine

whether Plaintiff is attempting to allege a conspiracy claim, and if, so, amongst whom[15] and

on what basis, or whether Plaintiff is attempting to allege a claim for intentional infliction of

emotional distress, and if so, on what basis.  Nor can the Court determine what the facts

set forth under the heading have to do with either claim.

Elsewhere in the Complaint, Plaintiff uses a heading of "Malicious Abuse of

Process," see Complaint at 19, under the heading the Court might expect Plaintiff to set

forth a cause of action for malicious abuse of process.  See generally Odoms v. Travelers

Ins. Co., 339 So. 2d 196, 197 (Fla. 1976).  However, rather than allege any of the elements

for a malicious abuse of process, under that heading, Plaintiff alleges "[a]t all times relevant

herein, the conduct of all Defendants were subject to 42 U.S.C. secs 1981, 1983, 1985 and

1986."  See Complaint ¶ 67.   Plaintiff does not articulate how 42 U.S.C. § § 1981, 1983,

1985, and 1986 are relevant to a claim for "Malicious Abuse of Process," nor, assuming

---

[15]  To the extent Plaintiff continues to seek to pursue a conspiracy claim, the Court notes that "Lt
Maloney" and the Cleveland Clinic are no longer parties to this action.

Plaintiff is in fact attempting to bring a cause of action under one of those federal statues, does he allege how the "malicious abuse of process" relates to violations of 42 U.S.C. § § 1981, 1983, 1985, and 1986.

In the Eleventh Circuit, shotgun pleadings are "altogether unacceptable." <u>See</u> <u>Cramer</u>, 117 F.3d at 1263. As the Court in <u>Cramer</u> recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." <u>Id.</u> "[T]he Eleventh Circuit has frequently noted with great concern the aggregate negative effects of shotgun pleadings on trial courts and emphasized that courts must not tolerate such pleadings." <u>Streeter v. City of Pensacola</u>, Case No. 3:05-cv-286-MCR-EMT, 2007 WL 809786, at * 2 (N.D. Fla. March 15, 2007) (internal quotations omitted).[16] When faced with the extreme burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and require the plaintiff to replead the claims to the extent possible under Rule 11, Federal Rules of Civil Procedure. <u>See</u> <u>Cramer</u>, 117 F.3d at 1263 (admonishing district court for not striking shotgun complaint on its own initiative). <u>See</u> <u>also</u> <u>United States ex rel. Atkins v. McInteer</u>, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) ("When faced with a shotgun pleading, the trial court, whether or not requested to do so by the party's adversary, ought to require the party to file a repleader.") (citing <u>Byrne v.</u>

---

[16] <u>See</u> <u>also</u>, <u>Byrne v. Nezhat</u>, 261 F.3d 1075, 1131 (11th Cir. 2001) ("Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice. The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard."); <u>Ebrahimi v. City of Huntsville Bd of Educ.</u>, 114 F.3d 162, 165 (11th Cir. 1997) ("[S]hotgun notice pleadings . . . impede the orderly, efficient, and economic disposition of disputes.").

Nezhat, 261 F.3d 1075, 1133 (11th Cir. 2001)); Strategic Income Fund, 305 F.3d at 1296 (recognizing that rather than attempting to ascertain basis for federal law claims, trial court could have required plaintiffs to replead); Magluta, 256 F.3d at 1284 n.3 (noting that districts courts confronted with shotgun complaints have inherent authority to demand repleader sua sponte).

## III.    Conclusion

In light of the Eleventh Circuit guidance on this issue, the Court concludes that rather than entertain the merits of the Motions to Dismiss, which would require the Court to first undertake the "cumbersome task of sifting through [Plaintiff's] myriad claims" in order to ascertain their basis in federal law, see Anderson v. District Bd. Of Trustees of Cent. Fl. Comm. Coll., 77 F.3d 364, 367 (11th Cir 1996), the Court must strike Plaintiff's Complaint at this time.  The Court will permit Plaintiff to file an amended complaint, and should Plaintiff choose to do so, he must replead in a concise, coherent manner that sets forth recognized causes of action in numbered counts against specific defendants that remain parties to this action.   Plaintiff is advised that each cause of action must be supported by factual allegations plausibly suggesting Plaintiff is entitled to recovery under some viable legal theory.  See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1968-1969, 1974 (2007) (abrogating "no set of facts" motion to dismiss standard set forth in Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Finally, in striking the Complaint, the Court reminds Plaintiff that although he is pro se, any leniency he enjoys does not gives the Court license to "serve as de facto counsel" or to "rewrite an otherwise deficient pleading in order to sustain an action."  GJR

Investments, Inc. V. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998).  Although pro se pleadings are construed more liberally than those drafted by an attorney, Plaintiff is, nevertheless, required to follow the "minimum pleading standards" set forth in the Federal Rules of Civil Procedure.  See Dismuke v. Fla. Bd. of Governors, No. 8:05CV340T17TBM, 2005 WL 1668895, at *4 (M.D Fla. July 8, 2005); see also Jarzynka v. St. Thomas Univ. Schl. of Law, 310 F.Supp.2d 1256,1264 (S.D. Fla. 2004).  In analyzing the sufficiency of any amended pleading, the Court will apply both the heightened pleading standard that is the law of the Eleventh Circuit to any § 1983 claims against individual defendants and the Supreme Court's call for a "firm application" of the Federal Rules in cases where, as here, the defense of qualified immunity is asserted.  See GJR Investments, 132 F.3d at 1369 (quoting Butz v. Economou, 438 U.S. 478, 508 (1978)).  In sum, the Court will not entertain further pleadings from Plaintiff of this type and manner.

Defendants will be permitted to respond to the amended complaint in accordance with the provisions of Rule 12, Federal Rules of Civil Procedure.  See generally Fed.R.Civ.P. 12.  At that time, Defendants may renew their motions to dismiss if they choose to do so.  See Campbell v. Bd. of Supervisors of Charlotte County, 553 F.Supp. 644, 646 (E.D. Va. 1982); Powers-Bunce v. District of Columbia, Civil Action No. 06-1586 (RMC), 2007WL 915135, at *10 (U.S. Dist. Col. March 28, 2007).

Accordingly, it is **ORDERED**:

1.  Defendants Collier County Sheriff's Office, Hunter, Lopez and Payne's Motion to Dismiss (And Memorandum Of Law) (Dkt. No. 17) is **GRANTED IN PART** and **DENIED IN PART**.  The Sheriff's Office Motion to Dismiss is **granted** in that Defendant, the Collier

County Sheriff's Office, is **dismissed** from this action with prejudice.  In all other respects, the Sheriff's Office Motion to Dismiss is **denied as moot**.

2.  Defendants William Vericker and Office of the State Attorney-20th Judicial Circuit of Florida Motion is Dismiss (Dkt. No. 29) is **GRANTED IN PART** and **DENIED IN PART**. The State Attorney Motion to Dismiss is **granted** in that Defendant, the Office of the State Attorney, Twentieth Judicial Circuit, is **dismissed** with prejudice from this action.  In all other respects, the State Attorney Motion to Dismiss is **denied as moot**.

3.  Plaintiff's Complaint (Dkt. No. 1) is hereby **stricken**.  Plaintiff shall file an amended complaint setting forth a more definite statement of the facts and law relied upon in his claims no later than **July 19, 2007**.

4.  Defendants shall plead in response to the amended complaint in accordance with the requirements of Rule 12, Federal Rules of Civil Procedure.

5.  The Clerk of the Court is directed to terminate Defendants, Office of the State Attorney, Twentieth Judicial Circuit and the Collier County Sheriff's Office.

6.  The parties are relieved of any future obligations set forth in this Court's Case Management and Scheduling Order (Dkt. No. 59), entered on August 1, 2006.

7.  The parties shall conduct a case management conference and file a case management report in accordance with the provisions of Rule 3.05, Local Rules, of the United States District Court, Middle District of Florida, within 30 days of the filing of Defendants' response to the amended complaint.

**DONE AND ORDERED** in Chambers, this 2nd day of July, 2007.

MARCIA MORALES HOWARD
United States District Judge

lc4

Copies to:
All Counsel of Record
Pro Se Parties