**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

DANIEL W. MCMAHON,

           Plaintiff,

-vs-                                    Case No. 2:06-cv-179-FtM-34SPC

SHERIFF DON HUNTER; DEPUTY JOSE
LOPEZ; DEPUTY PAYNE; WILLIAM
VERICKER,

           Defendants.
_____

## **ORDER**

**THIS CAUSE** is before the Court on Defendant, William Vericker [sic] Motion to Dismiss Amended Complaint with Prejudice (Dkt. No. 98; Motion to Dismiss), which was filed on July 30, 2007. Plaintiff filed a response in opposition to the Motion to Dismiss. See Plaintiff's Answer to Defendant Vericker's Motion to Dismiss and Incorporated Memorandum of Law (Dkt. No. 103; Response), filed on September 11, 2007. Accordingly, the Motion to Dismiss is ripe for review.

**I.    Procedural History**

Plaintiff, who is proceeding pro se, filed an initial Complaint (Dkt. No. 1; Complaint) in this Court on April 3, 2006. On July 2, 2007, the Court entered an Order (Dkt. No. 93;

Order) striking the Complaint as an impermissible shotgun pleading. See Order at 7, 15. In the Order, the Court directed Plaintiff to file an amended complaint setting forth a more definite statement of the facts and law relied upon in his claims no later than July 19, 2007. See Order at 15.

Plaintiff filed the Amended Complaint (Dkt. No. 95; Amended Complaint) on July 18, 2007, alleging various federal and state claims against Defendants Don Hunter, Melvin J. Payne, Jose Lopez, and William Vericker. See generally Amended Complaint. Specifically, Plaintiff asserts the following claims in the Amended Complaint: (1) civil rights claims under 42 U.S.C. § 1983 against Defendants Payne (Count I), Hunter (Counts II, IX), Lopez (Count VIII), and Vericker (Count XVII); (2) state law false arrest claims against Defendants Payne (Count III), Hunter (Count IV, XI), Lopez (Count X), and Vericker (Count XVIII); (3) state law false imprisonment claims against Defendants Payne (Count V), Hunter (Count VI, XIII), Lopez (Count XII), and Vericker (Count XIX); (4) requests for permanent injunctions against Defendant Hunter (Count VII, XVI); and (5) conspiracy claims under 42 U.S.C. §§ 1983, 1985, and 1986 against Defendants Lopez (Count XIV), Hunter (Count XV), and Vericker (Count XX). See generally Amended Complaint.

The Court will summarize the allegations in the Amended Complaint which pertain to the Motion to Dismiss.[1] In December of 2003, Plaintiff called the Collier County Sheriff's Office to complain about the actions Defendant Lopez, a deputy with the Collier County Sheriff's Office, had taken against him. See id. at ¶ 72. Specifically, Plaintiff informed the

---

[1] In considering the Motions to Dismiss, the Court must accept all factual allegations in the Complaint as true, consider the allegations in the light most favorable to the plaintiff, and accept all reasonable inferences that can be drawn from such allegations. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Jackson v. Okaloosa County, Fla., 21 F.3d 1531, 1534 (11th Cir. 1994).

Collier County Sheriff's Office that Defendant Lopez had told him that he would be arrested if he attended his December 19, 2003 appointment at the Cleveland Clinic Naples ("Clinic") or if he went to the emergency room or called the Clinic or his doctor. See id. at ¶¶ 47, 56, 58, 60.[2] On March 8, 2004, Plaintiff filed an internal complaint against Defendant Lopez with the Professional Responsibility Bureau of the Collier County Sheriff's Office. See id. at ¶ 73. Defendant Lopez later discovered that Plaintiff had filed an internal complaint against him. See id. at ¶ 75.

Defendant Lopez entered into a conspiracy with Defendant Vericker, an employee of the Office of the State Attorney of Florida,[3] to issue a false arrest warrant against Plaintiff. See id. at ¶¶ 76-77, 191. In furtherance of the conspiracy, on or about March 23, 2004, Defendant Vericker "knowingly and with reckless disregard for the laws issued a baseless and false arrest warrant against [Plaintiff]" for "intent to make repeated calls to harass" under Florida Statutes section 365.16(d). See id. at ¶ 78. Defendant Vericker knowingly made false statements of fact in the arrest warrant and used the law in a manner for which it was not intended. See id. at ¶¶ 79, 91. In addition, Defendant Vericker required that Plaintiff be arrested when he simply could have served Plaintiff with a summons to appear in court to answer to the charge. See id. at ¶¶ 93-94.

Thereafter, Defendant Vericker exceeded his duties as a prosecutor by asking Roger

---

[2] In the Amended Complaint, Plaintiff alleges that he received conflicting information from his doctor and an individual named Annette Gadus regarding whether it was appropriate for him to attend his appointments at the Clinic. See Amended Complaint at ¶¶ 36-52. In trying to determine whether he should attend these appointments, Plaintiff placed several calls to both his doctor's office and Gadus. See id.

[3] Plaintiff alleges that Defendant Vericker "was at all times material hereto, employed by the Office of the State Attorney of the State of Florida." See Amended Complaint ¶7.

3

Craig, Esquire, to defend Plaintiff in the state criminal action. See id. at ¶¶ 107-08, 110. Defendant Vericker also informed Craig that Plaintiff had "psychiatric problems." See id. at ¶ 109. Plaintiff chose to use the services of a court appointed attorney. See id. at ¶ 112. The State of Florida nolle prosed the charge. See id. at ¶ 113.

## II.   Standard of Review

In ruling on a motion to dismiss, the Court "must accept the allegations set forth in the complaint as true." Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Omar ex. rel. Cannon v. Lindsey, 334 F.3d 1246, 1247 (11th Cir. 2003) (per curiam).  Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted).  Indeed, while "[s]pecific facts are not necessary," the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic, 127 S. Ct. at 1974.  The "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted).

### III. Discussion

In the Motion to Dismiss, Defendant Vericker argues that the Amended Complaint should be dismissed because he is entitled to prosecutorial immunity, Eleventh Amendment immunity, and qualified immunity. See Motion to Dismiss at 4-6. Alternatively, Defendant argues that the Court should dismiss Plaintiff's Amended Complaint for failure to state a cause of action. See id. at 1, 7-8.

The Court will first address Defendant Vericker's argument that he is immune from suit based on prosecutorial immunity. See Motion to Dismiss at 4-5. Specifically, Defendant Vericker asserts that he is entitled to prosecutorial immunity because he was acting in his capacity as an Assistant State Attorney at all times relevant to the Amended Complaint. See id. Plaintiff responds that Defendant Vericker was not acting as a prosecutor when he attempted to hire Craig to represent Plaintiff because "[i]t is not conceivable that an advocate for the State would attempt to defend the very person they are prosecuting." See Response at 2. In addition, Plaintiff asserts that Defendant Vericker failed to fulfill his role as a prosecutor because he did not provide Plaintiff with discovery materials during the criminal proceedings. See id.[4] Finally, Plaintiff maintains that Defendant Vericker arrested him for the sole purpose of teaching him a lesson about filing complaints. See id. at 2-3.

In the Amended Complaint, Plaintiff alleges that Defendant Vericker intentionally and recklessly violated his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. See Amended Complaint at ¶ 178. In addition, Plaintiff asserts

---

[4] Plaintiff did not include this allegation in the Amended Complaint. See generally Amended Complaint.

5

that Defendant Vericker entered into a conspiracy with Defendant Lopez to issue a false arrest warrant against Plaintiff in violation of 42 U.S.C. §§ 1983, 1985, and 1986. See id. at ¶¶ 190-191. Plaintiff also raises state law claims for false arrest and false imprisonment. See id. at ¶¶ 181-89. As noted above, in support of these claims, Plaintiff alleges the following: (1) Defendant Vericker and Defendant Lopez entered into a conspiracy to issue a false arrest warrant against Plaintiff for "intent to make repeated calls to harass" in order to free Defendant Lopez of an internal complaint filed by Plaintiff, see id. at ¶¶ 76-77, 190-91; (2) Defendant Vericker knowingly made false statements of fact in issuing the arrest warrant, see id. at ¶¶ 78-79; (3) Plaintiff was subsequently arrested for "intent to make repeated calls to harass," even though Defendant Vericker could have merely required Plaintiff to appear in state court to answer to the charge, see id. at ¶¶ 90, 100; and (4) Defendant Vericker asked Craig to represent Plaintiff in the criminal action, see id. at ¶¶ 107-110.

A prosecutor is entitled to absolute immunity for all actions performed within the scope of the prosecutor's role as a government advocate. Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) (citing Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)); see also Smith v. Shorstein, 217 Fed. Appx. 877, 880 (11th Cir. 2007). In determining whether a prosecutor's challenged actions were taken in the scope of his role as a state advocate, the Court examines the function and nature of the act, not merely the official title of the actor who performed it. Buckley, 509 U.S. at 269. Absolute prosecutorial immunity encompasses all acts taken by a prosecutor in performing his role as a government advocate, including "the initiation and pursuit of criminal prosecution, and most appearances before the court, including examining witnesses and presenting evidence." Rivera, 359 F.3d at 1353 (internal

citations omitted); see also Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999) (finding that absolute immunity extends to a prosecutor's acts performed "in preparing for the initiation of judicial proceedings for trial, and which occur in the course of his role as an advocate for the State").  Indeed, a prosecutor is absolutely immune to suits for money damages unless the acts or omissions giving rise to the plaintiff's claim are outside the "scope and territorial jurisdiction of his office." Elder v. Athens-Clarke County, Ga., 54 F.3d 694, 695 (11th Cir. 1995); see also Smith, 217 Fed. Appx. at 880.  Therefore, "[a]n allegation that the decision to prosecute was part of a conspiracy does not in any manner dilute immunity and a prosecutor is immune from such malicious prosecution claims." See Edison v. Florida, No. 2:04-cv-157-FtM-99SPC, 2007 WL 80831, at *5 (M.D. Fla. Jan. 8, 2007) (internal quotations and citations omitted); see also Elder, 54 F.3d at 695 (holding "that the allegation that a challenged official act is part of a conspiracy does not in any manner dilute immunity.").

Upon review of the above principles and the allegations in the Amended Complaint, the Court finds that Defendant Vericker is entitled to absolute immunity from the instant action.  Indeed, Plaintiff seeks to hold Defendant Vericker liable for actions he took in his role as a government advocate, namely, initiating and pursuing a criminal prosecution.[5]  Thus, even though Plaintiff alleges that Defendant Vericker knowingly made false statements of fact in issuing the arrest warrant, Defendant Vericker is, nevertheless, entitled to

---

[5] To the extent that Defendant Vericker's conduct in seeking counsel to represent Plaintiff does not qualify as an action taken within the "scope and territorial jurisdiction" of the State Attorney's Office, see Elder, 54 F.3d at 695, the Court notes that Plaintiff only specifically raised this allegation with respect to his false arrest claim against Defendant Vericker.  See Amended Complaint at ¶ 184.  However, it is unclear to the Court how this allegation can possibly support a false arrest claim.

prosecutorial immunity.  See Aisenberg v. Hillsborough County Sheriff's Office, 325 F. Supp. 2d 1366,1375 (M.D. Fla. 2004) (noting that a prosecutor is entitled to absolute immunity for qualifying acts regardless of his or her motive or intent); Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1281 (11th Cir. 2002) (acknowledging the applicability of prosecutorial immunity where plaintiff alleged defendant charged him without probable cause, withheld evidence, and proffered false testimony).  In addition, Plaintiff's allegation that Defendant Vericker entered into a conspiracy with Defendant Lopez to issue a false arrest warrant against Plaintiff does not dilute Defendant Vericker's immunity.  See Elder, 54 F.3d at 695.  As noted by the Eleventh Circuit Court of Appeals,

> [i]f prosecutorial immunity means anything, it means that prosecutors who take on the thankless task of public prosecution may prosecute, ably or poorly, as the case may be, answerable to the voters, and to disciplinary officers of the courts and of the bar; but not answerable to every person wrongfully prosecuted who can find a lawyer willing to allege that the prosecutor filed charges in bad faith, or for evil motives, or as a conspirator.

See Elder, 54 F.3d at 695.  In light of the foregoing, the Court finds that the Motion to Dismiss is due to be **granted**.[6]

### IV.   Conclusion

Accordingly, it is hereby **ORDERED**:

1.   Defendant, William Vericker Motion to Dismiss Amended Complaint with Prejudice (Dkt. No. 98) is **GRANTED**.

---

[6] As the Court finds that Defendant Vericker is entitled to prosecutorial immunity from the instant action, the Court declines to address the remaining arguments raised by Defendant Vericker in support of the Motion to Dismiss.

8

    2.    The Amended Complaint (Dkt. No. 95) is **DISMISSED WITH PREJUDICE** as to Defendant William Vericker.

**DONE AND ORDERED** at Fort Myers, Florida, this 31st day of March, 2008.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc3

Copies to:

Counsel of Record

Pro Se Parties