**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

DANIEL W. MCMAHON and
CAROLYN STEPP,

      Plaintiffs,

v.                                            CASE NO. 2:06-CV-179-FtM-36SPC

DON HUNTER, individual, JOSE LOPEZ, *et al.*,

      Defendants.
_____/

**ORDER**

**THIS CAUSE** is before the Court on the Report and Recommendation of Magistrate Judge Sheri Polster Chappell, issued on February 23, 2010 (Dkt. 330). Plaintiffs filed objections to the Report and Recommendation on March 8, 2010 (Dkt. 331). The Report recommends granting the Motions to Dismiss Plaintiffs' Third Amended Complaint filed by: 1) Defendant Jose Lopez (Dkt. 248); 2) Defendant Kevin Rambosk (Dkt. 249, 306);[1] 3) Defendant Lynn Gizzi (Dkt. 293); 4) Defendant Julie Green (Dkt. 294); 5) Defendant Hamilton, Supervisor of Golden Gate Area (Dkt. 295); 6) Defendant David Jolicoeur (Dkt. 296); 7) Defendant Kenneth Martindale (Dkt. 297); 8) Defendant Ed Busby (Dkt. 298); 9) Defendant Steven Young (Dkt. 299); 10) Defendant David Sieber (Dkt. 300); 11) Defendant Robert Capizzi (Dkt. 301); 12) Defendant Christine Bates (Dkt. 302); 13) Defendant Don Hunter (Dkt. 303); 14) Defendant Theresa Wright (Dkt. 304); 15) Defendant Deputy Turner (Dkt. 305); 16) Defendant Diane Sullivan (Dkt. 307); and 17) Defendant

---

[1] Defendant Rambosk filed a Motion to Dismiss and did not title it as a Motion to Dismiss Plaintiffs' Third Amended Complaint. However, it seeks the same result as the other motions.

Nancy Figueroa (Dkt. 313). Plaintiffs filed their Third Amended Complaint on July 20, 2009 (Dkt. 224).

I. **CLAIMS DISMISSED WITH PREJUDICE**

After issuance of the Report and Recommendation, Plaintiff McMahon filed several motions dismissing various claims against some Defendants on March 24, 2010 (Dkt. 332-38). The Court granted Plaintiff McMahon's motions on March 31, 2010 (Dkt.339). Of the 213 claims included in Plaintiffs' Third Amended Complaint, the following have been dismissed with prejudice: Counts 10-14 and 16 against Defendant Gizzi; Counts 60-62, 67, 68, and 70 against Defendant Capizzi; Counts 71-73 and 77-79 against Defendant Young; Counts 82-84 against Defendant Hunter; Count 107 against Defendant Busby.[2]

II. **ADOPTION OF THE REPORT AND RECOMMENDATION**

Upon review of the Report and Recommendation, the Court agrees that the Third Amended Complaint, consisting of 258 pages and 213 counts, is a shotgun pleading that is due to be dismissed because the litany of facts and numerous counts are disjointed and incoherent, making it extremely difficult for Defendants and the Court to determine what facts support each count. *See Pelletier v.*

---

[2] In their objections to the Report and Recommendation, Plaintiffs state:

> In light of *Canc* [sic] *v. Clay County Sheriff's Office* [No. 3:09-cv-87-J-32JRK, 2009 WL 1607780 (M.D. Fla. June 9, 2009)], the Plaintiff [sic] are willing to dismiss all of their Conspiracy claims except those against **Deputy Green** and the Conspiracy with **Nancy Figeuroa** at the Collier Court and **Deputy Lopez** and his Conspiracy with Vericker, who was dismissed due to his absolute immunity to a civil action which Lopez does not have. The Plaintiffs still believe they have valid claims against these 3 Defendants for their Conspiracies and have shown the same.

(Dkt. 331, p. 9)(emphasis added). In light of this statement, the Court directed Plaintiffs to advise the Court as to how they wished to dismiss several additional claims on April 2, 2010 (Dkt. 340). Plaintiffs failed to respond to the Court's Order.

*Zweifel*, 921 F.3d 1465, 1518 (11th Cir. 1991)("Anyone schooled in the law who read these complaints, however, would know that many of the facts alleged could not possibly be material to all of the counts. Consequently, [the opposing party] and the district court had to sift through the facts presented and decide for themselves which were material to the particular cause of action asserted, a difficult and laborious task indeed."). "Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice. The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard. 'Wasting scarce judicial and parajudicial resources . . . impedes the due administration of justice' and, in a very real sense, amounts to obstruction of justice." *Byrne v. Nezhat*, 261 F.3d 1075, 1131 (11th Cir. 2001)(quoting *States v. Silverman*, 745 F.2d 1386, 1395 (11th Cir. 1984)). As such, the Court dismisses this action as a shotgun pleading.

Upon review of Plaintiffs' objections to the Report and Recommendation, the Court notes that the Order issued by Judge Marcia Morales Howard on August 8, 2008 did not dismiss all of the claims previously alleged by Plaintiffs (Dkt. 124, pp. 20-21). Plaintiffs did attempt to re-assert the claims that were not previously dismissed in the Third Amended Complaint. Based on Plaintiffs' objections and Judge Howard's Order, the Court finds that dismissal without prejudice is the more appropriate disposition of Plaintiffs' Third Amended Complaint.

After carefully considering Plaintiffs' Third Amended Complaint, Plaintiffs' Voluntary Dismissals, Magistrate Judge Chappell's Report and Recommendation, Plaintiffs' Objections thereto, Judge Howard's Order, and undertaking a *de novo* review of the legal determinations recommended in the Report and Recommendation, the Court concludes that Magistrate Judge Chappell's Report and Recommendation should be confirmed and accepted to the extent that it recommends that the Third Amended Complaint be dismissed as a shotgun pleading. The Court will

dismiss this action without prejudice.

Accordingly, it is now **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation of the Magistrate Judge (Dkt. 330) is **ADOPTED, CONFIRMED** and **APPROVED** to the extent that it **DISMISSES** Plaintiffs' Third Amended Complaint as a shotgun pleading.

2. Defendants' Motions to Dismiss (Dkts. 248, 249, 293-307, 313) are **GRANTED**.

3. Plaintiffs' Third Amended Complaint (Dkt. 224) is **DISMISSED** without prejudice.

4. The Clerk is directed to terminate all pending motions, enter judgment accordingly, and close the file.

**DONE AND ORDERED** at Ft. Myers, Florida, on July 26, 2010.

*[signature]*
Charlene Edwards Honeywell
United States District Judge

<u>**COPIES TO**</u>:
Magistrate Judge Sheri P. Chappell
Counsel of Record and Unrepresented Parties